**Lian Zhen LIN, also known as Lian Jin Lin, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

Docket No. 03–40398.

United States Court of Appeals, Second Circuit.

Aug. 18, 2005.

Tao Lin, Ceasar & Napoli, New York, NY, for Petitioner.

Kenneth L. Wainstein, United States Attorney for the District of Columbia, Madelyn Johnson, Suzanne Grealy Curt, Assistant United States Attorneys, Washington, D.C., for Respondent.

PRESENT: POOLER, SOTOMAYOR, Circuit Judges, and KORMAN, District Judge.[*]

### SUMMARY ORDER

Petitioner Lian Zhen Lin, a citizen of the People's Republic of China, petitions for review from an order of the Board of Immigration Appeals ("BIA"), dated July 31, 2003, affirming an Immigration Judge's ("IJ's") denial of Lin's requests for asylum, withholding of removal, and relief under the United National Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). We assume the parties' familiarity with the facts, proceedings below, and specification of issues.

Lin's claims for relief stem from his wife's alleged forced sterilizations. If a petitioner's wife has undergone a forced sterilization or abortion he is presumptively entitled to asylum and withholding of removal relief unless the government rebuts this presumption through a showing

---

[*] The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

of changed circumstances. *See In re C–Y–Z–,* 21 I. & N. Dec. 915, 918–19, 1997 WL 353222 (BIA 1997); *Qiu v. Ashcroft,* 329 F.3d 140, 148 (2d Cir.2003).

The BIA affirmed the IJ's adverse credibility determination and the IJ's denials of Lin's three claims for relief. This Court reviews the BIA's factual findings, including its credibility determinations, pursuant to a substantial evidence standard. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 177–78 (2d Cir.2004). We can only reverse the BIA's determination for lack of substantial evidence if no reasonable fact-finder could have made that determination. *Id.* at 177.

We have reviewed the record and the relevant case law and conclude that the BIA's adverse credibility determination was based on substantial evidence. Lin's testimony about the events preceding his wife's alleged forced sterilization was significantly different from his wife's account of those events. For instance, Lin claimed that he *was not present* when the Chinese Family Planning Officials arrived and his wife claimed that Lin *was present.* A fact-finder reasonably could find that (1) because the events leading up to the forced sterilization are of "major importance," the significant variation in the two stories indicated that Lin was not credible, *see Zhang v. U.S. INS,* 386 F.3d 66, 77 (2d Cir.2004) and (2) that Lin's explanation for this discrepancy lacked credibility.

Because we affirm the BIA's adverse credibility determination, we therefore hold that the BIA's denials of asylum and withholding of removal were supported by substantial evidence. Moreover, because Lin arguably does not challenge the BIA's adverse finding on his CAT claim in his brief to this court, we conclude that this issue was most likely waived. *See Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and nor-

mally will not be addressed on appeal."). In any event, Lin has failed to offer sufficient evidence, through testimony or otherwise, in support of his CAT claim that " 'it is more likely than not that he ... would be tortured if removed to the proposed country of removal.' " *See Ramsameachire,* 357 F.3d at 184–85 (quoting 8 C.F.R. §§ 208.16(c)(2), 1208.16(c)(2)). We therefore hold that the BIA's denials of asylum, withholding of removal, and CAT relief were supported by substantial evidence.

We have considered Lin's remaining arguments and we find them to be without merit. For the foregoing reasons, the petition for review is DENIED. Accordingly, Lin's motion for a stay of removal is DENIED.